447 So.2d 1214 (1984)
STATE of Louisiana
v.
William J. GUILLORY.
No. 83-KA-654.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
*1215 James O. Manning, Metairie, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Gerald Alonzo, William C. Credo, III, Elizabeth Gaudin, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Before BOUTALL, CHEHARDY and DUFRESNE, JJ.
DUFRESNE, Judge.
William J. Guillory was charged by Bill of Information in the 24th Judicial District Court with a violation of LSA-R.S. 40:967, "in that he did knowingly and intentionally possess a controlled dangerous substance, to wit: Methaqualone." Following a waiver of trial by jury, the defendant was tried and convicted of this offense. The trial judge sentenced him to three years at hard labor, suspended the sentence and ordered the defendant to serve six months in the Jefferson Parish Correctional Center.
From this conviction and sentence, the defendant now appeals.
The record discloses the following series of events leading up to the defendant's arrest and conviction.
On the evening of September 4, 1982, Officer Kenneth Anderson of the Kenner Police Department noticed a blue Mustang driving in a "rather reckless manner". As the officer pulled in behind the vehicle with his light bar on, the subjects in the car attempted to flee. The deputy gave chase to the speeding Mustang and the vehicle finally pulled over. Officer Anderson ordered the driver, William Guillory out of the car. At this time, an off-duty Kenner police officer, David Holtsclaw passed by, and since Anderson was alone on the scene, Holtsclaw offered his assistance. Anderson placed Guillory, now arrested, in the back of his unit and ordered the juvenile occupant out of the car. Anderson contemporaneously requested Holtsclaw to secure the Mustang. As Holtsclaw was conducting a brief search of the front seat he noticed a bandana in the dash compartment covering a see-through plastic bag containing an "unknown white substance". He exited the vehicle and reported the find to Anderson who then recovered both the bandana and the bag of white pills from the Mustang.
Our inspection and review of the record and more particularly, the Crime Lab Report (State Exhibit No. 1) discloses that the pills which were examined by the Jefferson Parish Crime Lab contained diazepam, a schedule IV controlled substance.
The State offered the criminalistics laboratory report as prima facie proof of the content of the pills seized. The receipt portion of the certificate indicates that the Jefferson Parish Crime Lab received seventy-seven (77) LEMMON714 white tablets. These tablets, also known as quaaludes, usually contain the chemical methaqualone, a Schedule II controlled dangerous substance. The Bill of Information so charged the defendant and he was prosecuted for the possession of this chemical.
However, the "analysis summary" portion of the certificate (State Exhibit No. 1) reflects that the pills seized contained diazepam, a Schedule IV controlled dangerous substance, more commonly known as valium.
We consider this an error patent which, even though not raised by the defendant, does prejudice him. In State v. Thomas, 427 So.2d 428, 433-434 (La.1982), the Supreme Court held:
"Because a conviction based on a record devoid of evidence of the crime charged *1216 or an essential element thereof is so patently unfair and a denial of due process, it is essential that the error be corrected expeditiously to prevent imprisonment or stigmatization of a legally innocent person. See State v. Raymo, 419 So.2d 858 (La.1982); State v. Morris, 397 So.2d 1237 (La.1981) (on re-hearing); State v. Peoples, 383 So.2d 1006 (La.1980)."
The error in the present case is obvious, appearing not only in the exhibit as pointed out above, but in the transcript as well.
If this error had been noticed on the trial level, the State could have amended the Bill of Information to designate the controlled dangerous substance as Valium, rather than Methaqualone.
Here on the appellate level, we can only review the record as it appears before us. The error before us is not one of a technical nature, but rather one of a very substantive nature.
In supplemental briefs ordered by this court, the State has urged us to consider that the defendant has not been prejudiced by this error since the defendant himself believed the pills to be quaaludes, and only denied having possession of the pills. His main defense was that the pills belonged to the juvenile passenger in his car. We disagree.
Louisiana Constitution 1974, Art. 1 Sect. 13 mandates that the accused be informed of the nature and cause of the charges against him. Further LSA-Code of Criminal Procedure, Art. 464 states in part that the indictment (information) shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. To charge a defendant with one specific drug and to allow to stand the conviction of another drug would really be absurd. This would establish a precedent that cannot be tolerated.
In this case, all parties participated in perpetuating the patent error of this erroneous charge which is significant enough to warrant reversal of the defendant's conviction.
The State has further argued that since the defendant was charged with possession of a "controlled dangerous substance" he was sufficiently informed to prepare his defense citing State v. Dowling, 387 So.2d 1165 (La.1980). We, however, must disagree. In Dowling the error was a technical one due to the reclassification by the legislature of Marijuana from a Schedule I controlled dangerous substance to a Schedule II substance. The court held that the defendant, Dowling was adequately informed of the nature of the charges against him, and the technical error did not prejudice him.
Here, however, the defendant, Guillory was charged with the possession of Methaqualone. In order to convict, the State must prove beyond a reasonable doubt, that he knowingly and intentionally possessed a substance which was identified as Methaqualone. Since the record discloses that the State has failed to establish that the tablets contained methaqualone, the record is devoid of evidence of an essential element of the charged offense.
The State cannot charge a defendant with possession of one controlled dangerous substance and obtain a conviction by erroneously proving another. Likewise, when a defendant is charged with one type of drug, he cannot be compelled or required to defend himself against all of the named drugs defined as controlled dangerous substances. The charge should list a specific drug and the evidence must establish that this specific drug was present. To require otherwise would violate the defendant's constitutional rights, as previously discussed.
Since this issue is dispositive of the case before us, we do not consider the assignment of error raised by the defendant here on appeal.
For the reasons assigned, defendant's conviction for possession of Methaqualone and sentence are reversed and set aside. The case is remanded to the trial court for the State to properly charge the defendant.
*1217 CONVICTION AND SENTENCE REVERSED AND SET ASIDE AND CASE REMANDED.