(747 P.2d 1343)

No. 60,532

STATE OF KANSAS, *Appellee*, v. CARL McMANNIS, *Appellant*.

Petition for review denied February 22, 1988.

Opinion filed December 31, 1987.

*Jessica R. Kunen*, deputy appellate defender, and *Benjamin C. Wood*, chief appellate defender, for the appellant.

*Sue Carpenter*, assistant district attorney, *Kenneth R. Smith*, assistant district attorney, *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before DAVIS, P.J., BRISCOE and SIX, JJ.

SIX, J.: Defendant, Carl McMannis, appeals his jury convictions for possession of amphetamines with intent to sell, possession of marijuana, and possession of drug paraphernalia.

On April 14, 1986, Topeka police officers conducted a lawful search of the defendant's home and found a small vial of white

powder which tested for methamphetamine. The officers also found "sno-seals" (a waxed paper which is used to make a "pharmaceutical fold," commonly used to package powdered drugs), two syringes, scales, a heat-sealing device, rolling papers, diluents, and an empty box for a "Deering Preparation System." The officers also found marijuana.

## POSSESSION OF AMPHETAMINES

Defendant contends the jury's finding that he possessed "a stimulant known as amphetamines" is not supported by substantial competent evidence. We agree and reverse defendant's conviction for possession of amphetamines with intent to sell.

The testimony at trial was uncontroverted that the white powder found in defendant's possession was methamphetamine. Defendant, however, was charged with possession of amphetamines with intent to sell. The jury was instructed that to find defendant guilty, the State had to show that defendant possessed "a stimulant known as amphetamines."

Amphetamine and methamphetamine are listed separately under Schedule II of the Controlled Substances Act. K.S.A. 1986 Supp. 65-4107(d)(1) and K.S.A. 1986 Supp. 65-4017(d)(3).

The Drug Enforcement Agency has assigned different controlled substance code numbers to amphetamine and methamphetamine. K.S.A. 1986 Supp. 65-4107(a); K.S.A. 1986 Supp. 65-4107(d)(1) and (3). Under the express terms of the statute under which defendant was convicted, amphetamine and methamphetamine are considered two different substances. Defendant was charged with and convicted of possession of amphetamines with intent to sell. The evidence at trial established that the controlled substance was methamphetamine.

The information-evidence-verdict relationship presented by this appeal is similar to the situation in *State v. Houck*, 240 Kan. 130, 727 P.2d 460 (1986). In *Houck*, the defendant was charged and convicted of committing aggravated arson under K.S.A. 21-3718(1)(a) and K.S.A. 21-3719. However, the evidence of the case was that defendant committed aggravated arson under a different section of the statute, K.S.A. 21-3718(1)(b); K.S.A. 21-3719. The court reversed the conviction of aggravated arson, holding as follows:

"Whether the State's evidence would or would not be sufficient to prove a charge

under K.S.A. 21-3718(1)(b) is an academic question not properly before us. The State has the responsibility to appropriately charge the accused with the crime it believes the accused has committed. If the evidence introduced at trial does not support a conviction of the offense charged, the accused cannot be found guilty of some other offense which the State did not see fit to charge." *Houck*, 240 Kan. at 135-36.

The evidence may establish that defendant McMannis committed a crime; however, it was neither the crime alleged in the information nor the crime on which the jury was instructed and the defendant convicted.

A similar result was reached by the court in *State v. Guillory*, 447 So.2d 1214 (La. App. 1984). In *Guillory*, the Louisiana Court of Appeals, interpreting that State's version of the Uniform Controlled Substances Act, held that defendant's conviction for possession of methaqualone had to be reversed when the record on appeal conclusively established that the drug was diazepam. *Guillory*, 447 So. 2d at 1215-16.

The State contends McMannis's conviction should be affirmed because the evidence established that defendant possessed a stimulant with intent to sell. A conviction cannot be upheld when the State fails to prove the offense charged, even if the evidence establishes some other offense the State did not charge. *Houck*, 240 Kan. at 136.

The State also contends that the terms "amphetamines" and "methamphetamine" were used interchangeably through the trial. Once during trial, defense counsel questioned a detective about the behavior of a typical user of amphetamines. However, there was no evidence identifying the drug defendant possessed as amphetamine.

The State also contends the defendant did not object to the instruction at trial and this court's scope of review is limited to determining whether the instruction was clearly erroneous. The argument is without merit. The defendant is challenging the sufficiency of the evidence to convict him, not the instructions give by the trial court. See *Houck*, 240 Kan. at 135.

Defendant contends the State failed to disclose exculpatory evidence and used prejudiced testimony in obtaining the convictions, thus denying him a fair trial. Defendant's arguments involve certain testimony of one of the State's witnesses, whose

testimony related solely to the charge of possession of amphetamines with intent to sell. Because we have reversed the conviction on other grounds, we deem it unnecessary to address these contentions.

## POSSESSION OF DRUG PARAPHERNALIA

Defendant contends the trial court was without jurisdiction to convict him of the crime of possession of drug paraphernalia because the information failed to allege an essential element of the crime.

Possession of drug paraphernalia is defined as follows:

"(a) No person shall use or possess with intent to use:

"(1) Any simulated controlled substance; or

"(2) any drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a controlled substance in violation of the uniform controlled substances act." K.S.A. 65-4152(a).

The information charging defendant with violating this statute stated:

"On or about the 14th day of April, 1986 in the County of Shawnee and State of Kansas, CARL M. MCMANNIS did then and there unlawfully and willfully use or possess with the intent to use, drug paraphernalia or any simulated controlled substance, to-wit: syringes, vile [sic], 'sno-seals', drug formula, sealing bags, scales, rolling papers, dilutant [sic], forceps, folds, roach stone, razor blade, pipe, snorting tube, 'power hitter', spoon, and magazine with cuts, contrary to the form of the statutes in such case made and provided and against the peace, and dignity of the state of Kansas."

Defendant contends that because the information did not allege that defendant possessed the drug paraphernalia with intent to use it "to plant, propagate, cultivate, grow," etc., drugs, the information failed to state an essential element of the crime, and the trial court was without jurisdiction to convict him. See *State v. Howell & Taylor*, 226 Kan. 511, 513, 601 P.2d 1141 (1979).

Possession of items generally considered "drug paraphernalia" is not unlawful unless the accused uses or possesses with intent to use the items in order to plant, propagate, cultivate, grow, etc., a controlled substance. K.S.A. 65-4152. The information only alleged that defendant did "use or possess with the intent to use, drug paraphernalia," without alleging the purpose

for which defendant possessed the items. Defendant contends that the allegations of the information in this case may be true and he would still be innocent of the crime of possession of drug paraphernalia. See *State v. Jamieson*, 206 Kan. 491, 493-94, 480 P.2d 87 (1971).

Though the defendant's argument is of interest, we are not persuaded by it. The facts alleged in the information do constitute an offense "within the terms and meaning" of the drug paraphernalia statute. See *State v. Slansky*, 239 Kan. 450, 452, 720 P.2d 1054 (1986).

Drug paraphernalia *is defined* as items used to plant, propagate, cultivate, use, etc., controlled substances. K.S.A. 65-4150. Requiring the State to set out the purpose for which the defendant possessed the drug paraphernalia would be redundant. If the items were not used as drug paraphernalia, they would not be drug paraphernalia under the statute. The facts alleged constituted an offense "within the terms and meaning of the statute." *State v. Slansky*, 239 Kan. at 452.

The information properly alleged the crime of possession of drug paraphernalia within the terms and meaning of the applicable statute. The trial court, therefore, had jurisdiction to convict the defendant of this charge.

## POSSESSION OF MARIJUANA

In his brief, defendant does not argue any basis for reversing and remanding his conviction for possession of marijuana. Defendant's arguments involving the testimony of one of the State's witnesses, relate only to the conviction for possession of amphetamines with intent to sell. Because defendant has not briefed the issue of why his conviction for possession of marijuana should be reversed, we deem this issue abandoned. See *State v. Gardner*, 10 Kan. App. 2d 408, 413, 701 P.2d 703, *rev. denied* 237 Kan. 888 (1985).

The defendant's convictions for possession of marijuana and possession of drug paraphernalia are affirmed.

The defendant's conviction for possession of amphetamines with intent to sell is reversed.

Affirmed in part, reversed in part.