No. 62,425

STATE OF KANSAS, *Appellee,* v. MICHAEL MOPPIN, *Appellant.*

(783 P 2d 878)

Opinion filed December 8, 1989.

*Rick Kittel,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Mary Murguia,* assistant district attorney, argued the cause, and *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

PAUL E. MILLER, District Judge, assigned: This appeal arises out of the convictions of Michael Moppin of one count of aggravated criminal sodomy (K.S.A. 21-3506) and one count of indecent liberties with a child (K.S.A. 21-3503). He was sentenced to a term of five to twenty years on the aggravated criminal sodomy conviction and three to five years on the indecent liberties conviction, and then placed on probation. Moppin raises four issues on appeal: (1) Whether there was sufficient evidence to sustain a conviction of aggravated criminal sodomy; (2) whether the trial court erred in failing to instruct on the offenses of aggravated sexual battery and attempted aggravated criminal sodomy as lesser included offenses of aggravated criminal sodomy; (3) whether the trial court erred in its instruction on indecent liberties with a child; and (4) whether the defendant should have been charged with indecent liberties with a child instead of aggravated criminal sodomy.

Because an understanding of the facts is necessary for the determination of the issues raised, they will be set forth in some detail.

At the time of his arrest, defendant Moppin was a Kansas City, Kansas, police officer. His wife Mindy was a paramedic. They often worked divergent schedules. As a result, the two children in the family were often placed in the care of defendant's sister Amy and/or his mother Loretta. The victim of the two offenses was defendant's natural daughter, D.M.

On March 12, 1987, Amy, Loretta, and D.M. were riding in a car in Kansas City. Amy thought she heard D.M. say, "Daddy gave me a licking." When the trio arrived home, both Amy and Loretta questioned D.M. about her statement. D.M. responded by saying that her father had licked her. When asked where her father had licked her, D.M. indicated by pointing at, in Amy's words, "her vagina." Upon hearing this, Amy told an acquaintance, Kathy McIntosh, an SRS social worker, of D.M.'s statements. McIntosh in turn reported the allegations. As a result of her report, on March 13, 1987, Detective Smith of the Kansas City Kansas Police Department and Kathy Calvert, an SRS child protection worker, interviewed D.M. at Loretta's house. D.M. was five years old at this time.

During the course of the interview, D.M. was shown a picture of a nude little girl. She marked both the genital area and the buttocks of the little girl in the picture where her father had licked her. Using anatomically correct dolls, D.M. pulled down the pants of the male and placed it on top of the female doll with the genitals touching. This was done in response to a request from Calvert to show what D.M.'s father had done. Because defendant and his wife arrived during the course of the interview at Loretta's house and were very upset over the situation, Detective Smith removed D.M. to police headquarters for a videotaped interview.

Smith testified that he began the interview by having D.M. describe different parts of the body so that he knew the words she used for them. When he first asked if anyone had touched her, D.M. replied, "No." When he asked D.M. what she and Calvert had been talking about, she responded, "He licked me." With the use of anatomically correct dolls, she placed the head

of the adult male doll on the pubic area of the young female doll. She also told Smith that her father had laid on top of her and illustrated this with the dolls. She said that her father had put his hands on his penis while doing this. At trial D.M. identified the defendant in the courtroom and testified that he had both licked her and touched her with his hands between her legs.

Between the time of the initial report and trial, a period of almost one year, D.M. spent time at the Kansas Institute, a psychiatric hospital, and in foster care placement. She also attended twenty-eight sessions of psychotherapy. At trial, three staffers from the Kansas Institute, the foster mother, and the psychotherapist all testified that D.M. repeatedly and spontaneously told them that her father had licked her between her legs.

Other facts will be set forth as may be necessary in the discussion of the issues.

Defendant first complains that there was insufficient evidence to sustain a conviction of aggravated criminal sodomy. His attack is two-pronged: (1) The State failed to prove penetration, and (2) the State failed to prove oral copulation.

"In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Walker*, 244 Kan. 275, Syl. ¶ 4, 768 P.2d 290 (1989).

K.S.A. 21-3506 provides in part: "Aggravated criminal sodomy is: (a) Sodomy with a child who is not married to the offender and who is under 16 years of age." Sodomy is defined at K.S.A. 21-3501(2): " 'Sodomy' means oral or anal copulation; oral or anal copulation or sexual intercourse between a person and an animal; or any penetration of the anal opening by any body part or object. Any penetration, however slight, is sufficient to constitute sodomy."

The trial court instructed the jury as follows:

"Count two of the Information charges the defendant with the crime of aggravated sodomy. The defendant pleads not guilty.

"To establish this charge each of the following claims must be proved:

1) That the defendant had oral sexual relations with [D.M.], who was not his wife;

2) *That there was actual penetration*;

3) That the victim was a child under the age of 16 years; and

4) That this act occurred between July 31, 1984 and March 13, 1987 in Wyandotte County, Kansas.

"Any penetration, however slight, is sufficient." (Emphasis added.)

Defendant argues that the record is void as to any evidence of penetration. The State counters by saying that D.M. testified that her father licked her vagina. Penetration is inherent, so claims the State, based upon this testimony. The State further argues that the members of the jury should be allowed to use their common sense and experience in determining whether penetration occurred because it is difficult to explain to a child-witness the concept of penetration and difficult for a child-witness to testify to an act of penetration. The State implies that a "common sense" exception should be created in child sodomy cases to relieve the State of the difficult burden of proving penetration. If such exception is to be created, it is for the legislature to do so.

A review of the record indicates that nobody ever tried to explain the element of penetration to D.M., nor did anyone ever ask her if penetration occurred. The only evidence which could lend credence to the fact that penetration had occurred was D.M.'s testimony that defendant had licked her "vagina." The effect of this testimony was seriously reduced by her further indication that "vagina" was not her word. The record, in fact, demonstrates that, throughout the investigation, others interviewed in the investigation had suggested to D.M. various names for her genital area. Her only original comments were that defendant had licked her "down there" and "between her legs." She further demonstrated the area of licking by pointing to her genital area.

With regard to the question of whether the State proved oral copulation, defendant refers to *State v. Switzer*, 244 Kan. 449, Syl. ¶ 2, 769 P.2d 645 (1989), in which the court stated, "K.S.A. 21-3501(2) defines sodomy in three separate alternatives. The first phrase of the statute, which prohibits oral or anal copulation, prohibits nonconsensual penetration by the male sex organ into

a mouth or anus." Defendant contends that because there is no evidence that he inserted his sex organ into a mouth or an anus, his conviction for aggravated criminal sodomy cannot stand. He refers to the definitions of "sexual intercourse" and "sodomy" found in K.S.A. 21-3501 and suggests that such definitions exclude the possibility that sexual activity with the tongue and the female sex organ (commonly known as cunnilingus, see Black's Law Dictionary 456 [4th ed. 1968]) is sodomy.

The question of whether cunnilingus is sodomy has never been specifically considered by this court. In *State v. Walker*, 244 Kan. 275, this court upheld the aggravated criminal sodomy conviction of a mother who, according to the facts of the case, forced her sons to commit the acts of cunnilingus upon her. That case, however, was decided upon other issues and the question of whether she was properly charged was never before the court.

Taber's Cyclopedic Medical Dictionary 1701 (1989), defines "sodomy" as "[a]nal intercourse, usually between males." Black's Law Dictionary 1563 (4th ed. 1968), defines "sodomy" as "[a] carnal copulation by human beings with each other against nature, or with a beast." The entry further explains that, although strictly speaking sodomy means anal penetration between two males, it has been extended to include anal penetration of a woman or copulation with an animal. It has also been extended to mean penetration of the mouth by the penis. Webster's Third New International Dictionary 2165 (1976) defines sodomy as "carnal copulation with a member of the same sex or with an animal; nonconsensual copulation with a member of the opposite sex; specif: the penetration of the male sex organ into the mouth or anus of another."

As stated, K.S.A. 21-3501 defines sodomy in pertinent part as "oral or anal copulation." Taber's defines copulation as "sexual intercourse," as does Webster's New Collegiate Dictionary.

The State contends that to exclude cunnilingus from the definition of sodomy would mean that forcing one to perform the act or performing the act on another without their consent would not be illegal in Kansas. This is not correct. Under the facts of this case defendant's acts, if not sodomy, would still be chargeable under the statutory definition of indecent liberties with a child.

We conclude that cunnilingus is not an act of "sodomy" as that term is defined by statute, that defendant was improperly charged, and that there was insufficient evidence to establish oral copulation. Defendant's conviction for aggravated criminal sodomy must, therefore, be reversed.

Because of our conclusion, we need not consider whether it was error for the trial court to fail to instruct on the lesser included offense of attempted aggravated criminal sodomy.

Defendant next contends that it was error for the trial court to fail to instruct that aggravated sexual battery, as defined by K.S.A. 21-3518, is a lesser included offense of indecent liberties with a child. He invites us to extend our recent holding in *State v. Wade,* 244 Kan. 136, 766 P.2d 811 (1989), to find that the nonconsent of D.M. required for the charge of aggravated sexual battery can be inferred by the date of birth given in the information. To do so would require that we overrule *State v. Fike,* 243 Kan. 365, 757 P.2d 724 (1988).

We decline to accept defendant's invitation. *Wade,* 244 Kan. 136, was a case dealing with whether the trial court had jurisdiction over the case because of alleged irregularities in the charging document. The instant case is controlled by *Fike,* 243 Kan. 365, where it was held that aggravated sexual battery is not a lesser included offense of indecent liberties with a child. Thus, we find no merit to this issue.

The next issue raised by the defendant is whether the trial court erred in failing to give defendant's requested instruction on indecent liberties with a child and in giving the instruction that it did. The following instruction was given by the trial court:

"To establish this charge each of the following claims must be proved:

1) That the defendant fondled or touched the person of [D.M.] in a lewd manner, with intent to arouse or to satisfy the sexual desires of either or both;

2) That [D.M.] was then a child under the age of 16 years and not the spouse of the defendant; and

3) That this act occurred between July 31, 1984 and March 13, 1987 in Wyandotte County, Kansas."

Defendant requested that the trial court instruct the jury that the defendant fondled or touched the person of D.M. "with his hand or hands." Defendant contends that, without the limiting

term "with his hand or hands" in the instruction, the jury could have believed it could base both the aggravated criminal sodomy charge and the indecent liberties charge on the alleged licking of D.M. Defendant claims the jury could have found the alleged licking to be a lewd touching and, therefore, could have convicted the defendant twice for the same act.

While we feel under the facts of this case it would have been proper for the trial court to give the instruction requested by defendant, we find no error in its failure to do so, nor in the instruction given. The trial court instructed the jury as follows:

"Each crime charged against the defendant is a separate and distinct offense. You must decide each charge separately on the evidence and law applicable to it, uninfluenced by your decision as to any other charge. The defendant may be convicted or acquitted on any or all of the offenses charged. Your finding as to each crime charged must be stated in a verdict form signed by the presiding juror."

In *State v. Morris,* 244 Kan. 22, 23, 765 P.2d 1120 (1988), we stated:

"Jury instructions are to be considered together and read as a whole, without isolating any one instruction. [Citation omitted.] If the instructions properly and fairly state the law as applied to the facts in the case, and if the jury could not reasonably have been misled by them, then the instructions do not constitute reversible error although they may be in some small way erroneous. [Citation omitted.]"

The instructions as a whole are adequate.

Because of our reversal of the aggravated criminal sodomy charge, we need not consider issue 4 specified above.

The judgment of the trial court as to count I, indecent liberties with a child is affirmed. The judgment as to count II, aggravated criminal sodomy, is reversed and the sentence imposed is set aside. Because: (a) prosecution of this count resulted in a conviction; (b) defendant's trial included evidence of indecent liberties with a child arising from the facts upon which the aggravated criminal sodomy was charged; and (c) a charge of indecent liberties could have been charged based upon the same facts in the information herein, further prosecution of defendant is barred. K.S.A. 21-3108(2); *State v. Freeman,* 236 Kan. 274, 286, 689 P.2d 885 (1984).

Affirmed in part, reversed in part, and vacated in part.

SIX, J., not participating.

HERD, J., dissenting.