No. 63,890

STATE OF KANSAS, *Appellee*, v. RALPHETTA SCHAD, *Appellant*.

(795 P.2d 406)

Opinion filed July 19, 1990.

*Charles D. Dedmon,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Thomas J. Robinson,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nola Foulston,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a criminal action in which Ralphetta Schad directly appeals her jury convictions of two counts of aggravated criminal sodomy, K.S.A. 21-3506, and one count of aggravated incest, K.S.A. 21-3603. Schad was sentenced to imprisonment for a period of ten to twenty years on each count of aggravated criminal sodomy and for a period of three to ten years for the aggravated incest offense. The sentences run consecutively.

The facts giving rise to this case are as follows: On September 9, 1988, five-year-old J.P. spent the afternoon with her godmother, Diana Lyons. Lyons testified that J.P. cried hysterically when it was time to go home and told Lyons she was afraid to

go because Bill (defendant's friend), Maurice (defendant's boy-friend), and the defendant (J.P.'s mother) put their fingers and tongues on her private part. Lyons further testified that J.P. also said her mother made her three-year-old sister, S.J., put her mouth "down there." Lyons also stated that earlier in the summer J.P. had spent the night with Bill and when Lyons had arrived to pick up J.P., J.P. said she had to put on her underpants and retrieved them from the living room floor and put them on.

J.P. told Shaun Price, an investigating officer, that Bill, Maurice, and her mother touched her with their fingers and tongues in her private area. J.P. also told the officer these people gave her mother money before they came into J.P.'s bedroom and undressed her.

Dixie Simpson, the nurse who examined J.P., testified that J.P. told her J.P.'s mother and "everybody" touched her in the private place and J.P. pointed to her genital area. J.P. also told the nurse that "they [defendant, Bill, Maurice, and S.J.] stuck their tongues in there, ain't that gross." A pelvic examination revealed a reddened area on the inner walls of the vagina.

At trial, tape-recorded interviews with J.P. were introduced into evidence and played for the jury. During the interview with a police officer and a social worker, J.P. marked the vaginal area on anatomically correct drawings to show where Bill and Maurice touched her. At trial and during the interview, J.P. testified that Bill touched her in the genital area with his finger and tongue while she stayed at his home. J.P. also stated that Maurice gave her "bad touches" with his finger and tongue. J.P. further testified that her mother touched her in her private place with her tongue and fingers and that her mother also made S.J. touch her in the private place with her finger and tongue. Finally, J.P. stated that her mother received money, a toy dolly, candy, Raggedy Andy, a toy car, and a big slide for allowing Bill and Maurice to touch J.P.

Schad was charged with three counts of causing a child to engage in oral sodomy under the aggravated criminal sodomy statute, K.S.A. 21-3506(b), and one count of engaging in oral copulation with her five-year-old daughter under the aggravated incest statute, K.S.A. 21-3603. Schad was acquitted on the ag-

gravated criminal sodomy involving Maurice and convicted on all other counts. This appeal followed.

Schad first contends insufficient evidence exists to support the convictions of aggravated criminal sodomy because the State failed to prove oral or anal copulation.

In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court considers only the evidence in favor of the verdict to determine whether the essential elements of the charge are sustained. *State v. Walker,* 244 Kan. 275, 280, 768 P.2d 290 (1989).

K.S.A. 21-3506 provides: "Aggravated criminal sodomy is: . . . . (b) causing a child under 16 years of age to engage in sodomy with any person." "Sodomy" is defined, in part, as oral or anal copulation. K.S.A. 21-3501(2). Schad contends the aggravated criminal sodomy convictions must fall because there is no evidence of sodomy by oral copulation. We must agree.

In *State v. Switzer,* 244 Kan. 449, 456, 769 P.2d 645 (1989), we stated the first phrase of K.S.A. 21-3501(2) prohibits nonconsensual penetration by the male sex organ into a mouth or anus. Clearly, there is no evidence of such activity in the present case.

In *State v. Moppin,* 245 Kan. 639, 783 P.2d 878 (1989), this court considered for the first time whether cunnilingus, oral-genital stimulation between the tongue of a male and the genital area of a female, is sodomy. The facts in *Moppin* are similar to the case at hand, in that the victim stated her father licked her and she marked the genital area on an anatomically correct drawing of a female girl to show where her father licked her. 245 Kan. at 640. Moppin argued there was no evidence of oral or anal copulation to sustain an aggravated criminal sodomy charge. We determined that cunnilingus did not constitute oral copulation and was not an act of sodomy. 245 Kan. at 643-44.

Our decision in *Moppin* clearly establishes that cunnilingus, whether perpetrated by a male or female, does not constitute oral copulation and fails to support a charge of aggravated criminal sodomy under K.S.A. 21-3506(b). Thus, evidence of penetration

by the tongue, no matter how conclusive, is irrelevant where the defendant has been improperly charged. See *State v. Crawford,* 247 Kan. 223, 795 P.2d 401 (1990). In the present case, Schad could have been charged with rape or aggravated indecent liberties with a child. The convictions for aggravated criminal sodomy must be reversed. The 1990 Legislature amended the definition of sodomy in K.S.A. 21-3501(2), but the amended statute does not cover the problems presented in cases such as this. See L. 1990, ch. 149, § 14(2).

Because of our decision, we need not consider Schad's other arguments relating to the aggravated criminal sodomy convictions.

Next, Schad alleges there is insufficient evidence to sustain her conviction for aggravated incest because the State failed to prove oral copulation. K.S.A. 21-3603 provides:

"Aggravated Incest. (1) Aggravated incest is marriage to or engaging in any prohibited act enumerated in subsection (2) with a person who is under 18 years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew or niece.

"(2) The following are prohibited acts under subsection (1):

"(a) Sexual intercourse, sodomy or any unlawful sex act, as defined by K.S.A. 21-3501 and amendments thereto; or

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both."

K.S.A. 21-3501(4) defines "unlawful sexual act" as rape, indecent liberties with a child, aggravated indecent liberties with a child, criminal sodomy, aggravated criminal sodomy, lewd and lascivious behavior, sexual battery, or aggravated sexual battery.

In its amended information, the State charged Schad with aggravated incest by oral copulation. As we stated above, cunnilingus does not constitute oral copulation. Therefore, it cannot be relied upon to establish aggravated incest. *State v. Moppin,* 245 Kan. 639; *State v. Crawford,* 247 Kan. 223.

Nevertheless, the State contends sufficient evidence exists to establish indecent liberties with a child and thereby supports an aggravated incest conviction. For support, the State relies upon language in K.S.A. 21-3603, which prohibits engaging in *any* of the enumerated acts.

In *State v. Houck,* 240 Kan. 130, 727 P.2d 460 (1986), the defendant was convicted, in part, of two counts of aggravated arson, K.S.A. 21-3719. Under the subsection charged, the State was required to show damage to property in which another person had any interest. 240 Kan. at 133. We determined neither the mortgagee nor the insurance carrier had an interest in the property destroyed and concluded:

"Whether the State's evidence would or would not be sufficient to prove a charge under K.S.A. 21-3718(1)(b) is an academic question not properly before us. The State has the responsibility to appropriately charge the accused with the crime it believes the accused has committed. If the evidence introduced at trial does not support a conviction of the offense charged, the accused cannot be found guilty of some other offense which the State did not see fit to charge. Here, the State did not prove the charges it brought against Houck and, therefore, the convictions of aggravated arson must be reversed." 240 Kan. at 135-36.

Similarly, in *State v. McMannis,* 12 Kan. App. 2d 464, 747 P.2d 1343 (1987) *rev. denied* 242 Kan. 905 (1988), the defendant was convicted of possession of amphetamine with intent to sell; however, the uncontroverted evidence at trial established that the substance found in defendant's possession was methamphetamine. 12 Kan. App. 2d at 465. Since amphetamine and methamphetamine are listed separately under the Controlled Substances Act, K.S.A. 1989 Supp. 65-4107(d)(1) and 65-4107(d)((3), the court determined substantial competent evidence to support the amphetamine charge was lacking. 12 Kan. App. 2d at 465. Although the evidence established a crime was committed, it was not the crime alleged in the information, and the conviction was reversed where the State failed to prove the offense charged. 12 Kan. App. 2d at 466.

In the present case, we find the evidence did establish the offense of aggravated incest, either by indecent liberties with a child or sexual intercourse with a child as defined by statute. These crimes, however, were not alleged in the State's charge of aggravated incest. Thus, evidence of an offense not charged in the State's information cannot be relied upon to support a conviction for a separate offense. The aggravated incest conviction cannot stand upon the basis of oral copulation and must be reversed.

Reversed.

LOCKETT, J., dissenting: I respectfully dissent from the majority's expansion of the finding in *State v. Moppin*, 245 Kan. 639, 783 P.2d 878 (1989), that oral-genital stimulation by the tongue of the male, without penetration, of the female external sex organ is not included in the definition of sodomy found in K.S.A. 21-3501(2). See *State v. Crawford*, 247 Kan. 223, 795 P.2d 401 (1990), for a complete discussion of the majority's interpretation of *State v. Moppin*.

The elements of sodomy and ways that the crime of sodomy may be committed have varied with the terms used by the legislature in defining the offense. Sodomy was originally defined as "a crime against nature." G.S. 1868, ch. 31, § 231 stated, "Every person who shall be convicted of the detestable and abominable crime against nature, committed with mankind or with beast, shall be punished by confinement and hard labor not exceeding ten years." In 1969 the legislature expanded "the crime against nature" by enacting the offense of sodomy. K.S.A. 21-3505 (Weeks). The offense of sodomy was defined as "oral or anal copulation between persons who are not husband and wife or consenting adult members of the opposite sex, or between a person and an animal, or coitus with an animal." In 1983 the legislature again expanded the crime of sodomy. K.S.A. 21-3501(2) states:

" 'Sodomy' means oral or anal copulation; oral or anal copulation or sexual intercourse between a person and an animal; or any penetration of the anal opening by any body part or object. Any penetration, however slight, is sufficient to constitute sodomy."

Aggravated criminal sodomy is sodomy with a child who is not married to the offender and is under the age of 16 years. K.S.A. 21-3506.

California's statute which sets out the unlawful acts of sexual intercourse, penetration by foreign object or substance, oral copulation, and sodomy is similar to our sodomy statute, K.S.A. 21-3501(2). The California criminal statute states:

"Every person who induces any other person, except the spouse of the perpetrator, to engage in sexual intercourse, penetration of the genital or anal openings by a foreign object, substance, instrument, or device, oral

copulation, or sodomy when his or her consent is procured by false or fraudulent representation or pretense that is made with the intent to create fear, and which does induce fear, and that would cause a reasonable person in like circumstances to act contrary to the person's free will, and does cause the victim to so act, is punishable by imprisonment . . . ." Cal. Penal Code § 266c (West 1988).

The California code defines sodomy and oral copulation:

"Sodomy; punishment

(a) Sodomy is sexual conduct consisting of contact between the penis of one person and the anus of another person." Cal. Penal Code § 286 (West 1988).

"Oral copulation; punishment

(a) Oral copulation is the act of copulating the mouth of one person with the sexual organ or anus of another person." Cal. Penal Code. § 288a (West 1988).

California courts have determined that the "crime against nature," as contemplated by a statute relating to sex perversion, is the perverted act of uniting the mouth of one participant with the sexual organ of the other, with a view of gratifying sexual desire, and a mere kiss or lick of the private organ, even though lewdly done, is not a "copulation" within the statute. Cal. Penal Code § 288a (West 1988). The word "copulate has had primarily an unvarying significance, to wit, the act of gratifying sexual desire by the union of the sexual organs of two biological entities." *People v. Angier*, 44 Cal. App. 2d 417, 419, 112 P.2d 659 (1941).

The word "copulation" has never had the meaning of mere contact and has always had the significance of the verb "to couple," which is an English derivative of the Latin "copulare," translated as "to couple, join, unite, band or tie together." The Latin noun "copula" is translated as "that which joins together, as a band, tie or leash." The English word "copulation" has no other significance than that of uniting in sexual intercourse, and its popular significance is the union of the sexes in the generative act. *People v. Angier*, 44 Cal. App. 2d at 419.

When amending K.S.A. 21-3501(2), our legislature expanded the crime of sodomy and intended that one of the methods of committing sodomy is by oral copulation. To commit the crime of oral copulation, the sodomy statute requires that the sex organ of at least one of the parties must be involved. The sex organ may be either the male or female sex organ. Oral copulation—

construed as sodomy—includes cunnilingus, if the tongue penetrates the female sex organ, and fellatio, if the male sex organ penetrates the mouth.

I would affirm the trial court.

MILLER, C.J., joins in the foregoing dissenting opinion.