[No. 16631-7-III.  Division Three.  November 17, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL J. POTTS, *Appellant*.

84

*Neil P. Cox, Jr.*, for appellant.

*Ray D. Lutes, Prosecuting Attorney*, and *Benjamin C. Nichols, Deputy*, for respondent.

SCHULTHEIS, C.J. — Paul Potts was convicted of possession of a controlled substance: methamphetamine. On appeal he contends the evidence at trial supports conviction for possession of only amphetamine, not methamphetamine. He also argues the evidence is insufficient that he possessed the controlled substance and the State failed to preserve material evidence. We reverse.

In September 1996, Mr. Potts asked Barbara Taylor if he could borrow her black pickup truck to help his friend, Stephanie Beidman, move. Later that day, Mr. Potts was the passenger in the pickup driven by Ms. Beidman when they were stopped by Sergeant Jonathan Coe of the Clarkston police. Officer Coe knew Ms. Beidman was driving with a suspended license. As he approached the truck, he noticed the passenger was "moving around" in his seat and "pulling stuff" from his pockets. After he arrested Ms. Beidman, he asked Mr. Potts to step out of the pickup. The officer found two used hypodermic syringes on the seat vacated by Mr. Potts. These were put into a plastic security box and later thrown away. Officer Coe found a plastic bag of white powder under Mr. Potts's seat. He guessed the powder was methamphetamine. A field test and later crime lab report revealed the bag contained amphetamine and a noncontrolled substance.

Mr. Potts was charged with one count of possession of a controlled substance: methamphetamine. RCW 69.50.401(d). A jury trial was held in February 1997. At the close of the State's evidence supporting the above facts, defense counsel moved to dismiss for failure to establish the element of possession. The motion was denied, the defense offered no witnesses, and the jury reached a verdict of guilty.

■ On appeal, Mr. Potts first contends the evidence is

insufficient to support the essential elements of the charge. The State must establish two elements in a prosecution for unlawful possession under RCW 69.50.401(a) and (d): the nature of the substance and the fact of the defendant's possession. *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). Mr. Potts asserts the State failed to establish that the baggie contained methamphetamine or that he had either actual or constructive possession of it.

■ ■ A claim of insufficient evidence admits the truth of the State's evidence and all reasonable inferences arising from it. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Evidence is sufficient to support the conviction if, viewed in the light most favorable to the State, it allows a rational trier of fact to find the essential elements of the charge beyond a reasonable doubt. *Id.* Circumstantial evidence is as reliable as direct evidence. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). When reviewing the sufficiency of the evidence, the appellate court does not need to be convinced of the defendant's guilt beyond a reasonable doubt, but must determine only whether substantial evidence supports the State's case. *State v. Galisia*, 63 Wn. App. 833, 838, 822 P.2d 303, *review denied*, 119 Wn.2d 1003 (1992).

■■■ Due process requires the State to prove beyond a reasonable doubt all the necessary facts of the crime charged. *State v. Hundley*, 126 Wn.2d 418, 421, 895 P.2d 403 (1995) (citing *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)). Mr. Potts was charged with possession of a controlled substance: methamphetamine. Generally, intent or knowledge of the specific substance is not an element of the charge of controlled substance possession. *See State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982). If, however, the State charges possession of a specific substance and the court instructs that a specific substance was possessed (either at the insistence of the State or without exception from the State), then the instruction becomes the law of the case. *State v. Ong*, 88 Wn. App. 572, 577, 945 P.2d 749

(1997) (the State in a delivery of controlled substance case assumed the unnecessary burden of showing the specific substance delivered when it did not except to the instruction containing that additional element). Here, the State assumed the additional burden in the "to convict" instruction of proving the unnecessary element that the specific controlled substance possessed was methamphetamine. The evidence, however, does not substantially support a finding that the substance in the baggie was methamphetamine.

Officer Coe testified the powder "appeared" to be methamphetamine. While lay testimony may be sufficient to establish the identity of a drug in a criminal case, *State v. Hernandez*, 85 Wn. App. 672, 675-76, 935 P.2d 623 (1997), Officer Coe did not claim to conclusively identify the drug here. His tentative identification was disproved by expert chemical analysis. The fact is that methamphetamine and amphetamine have different chemical compositions. *See* RANDOM HOUSE DICTIONARY 70, 1209 (2d ed. 1987). Under the express terms of RCW 69.50.206(d)(1) and (2), they are considered two different Schedule II controlled substances. The conclusion is inescapable that the State failed to prove beyond reasonable doubt the essential fact of the identity of the controlled substance.

A similar result was reached on remarkably similar facts in *State v. McMannis*, 12 Kan. App. 2d 464, 747 P.2d 1343 (1987). Carl McMannis was charged with possession of amphetamine with intent to sell. Testimony at trial established that the substance in question was actually methamphetamine. The Kansas Legislature lists amphetamine and methamphetamine as different Schedule II controlled substances. As the court noted, " '[t]he State has the responsibility to appropriately charge the accused with the crime it believes the accused has committed.' " *Id*. at 466 (quoting *State v. Houck*, 240 Kan. 130, 135-36, 727 P.2d 460 (1986)). The State there argued, as the State does here, that one Schedule II drug should be treated as another and that all are "controlled substances" for purposes of the possession charge. In response, the court noted that "[t]he evidence

may establish that defendant McMannis committed a crime; however, it was neither the crime alleged in the information nor the crime on which the jury was instructed and the defendant convicted." *McMannis*, 12 Kan. App. 2d at 466.

Whether or not the parties referred to the drug at trial as methamphetamine or amphetamine, and whether or not the defendant objected to the jury instructions on possession, the challenge here as in *McMannis* is to the sufficiency of the evidence. *Id*. at 466. Because the evidence does not support the elements of the crime charged, the conviction must be reversed.[1]

Although we need not reach Mr. Potts's remaining assignments of error, we choose to do so understanding that charges may be refiled. That said, we find no merit in his contentions that the State failed to prove possession and failed to preserve material exculpatory evidence.

■■ Possession may be actual or constructive. The baggie here was not found on Mr. Potts's person, so the State had to establish constructive possession by showing he had dominion and control over the baggie or the premises where it was found.[2] *Staley*, 123 Wn.2d at 798; *State v. Huff*, 64 Wn. App. 641, 653, 826 P.2d 698, *review denied*, 119 Wn.2d 1007 (1992). More than mere proximity to the controlled substance must be proved; the court must look at the totality of the circumstances to determine whether the jury could reasonably infer dominion and control. *State v. Robinson*, 79 Wn. App. 386, 391, 902 P.2d 652 (1995). Here, Officer Coe saw Mr. Potts removing "stuff" from his pockets, found two used syringes in Mr. Potts's seat and found the baggie directly under his seat. Ms. Taylor testified she had

---

[1]Louisiana courts have reached the same result in such cases as *In re Interest of J.W.*, 597 So. 2d 1056 (La. Ct. App. 1992) (no lab test to prove substance was cocaine) and *State v. Guillory*, 447 So. 2d 1214 (La. Ct. App. 1984) (conviction for possession of methaqualone reversed because record established drug was diazepam).

[2]A vehicle is considered a premises. *State v. Huff*, 64 Wn. App. 641, 654, 826 P.2d 698, *review denied*, 119 Wn.2d 1007 (1992). Whether a passenger's occupancy of an area of an automobile constitutes dominion and control over drugs in that area depends on the facts in each case. *State v. Mathews*, 4 Wn. App. 653, 656, 484 P.2d 942 (1971).

not put the baggie or the syringes in the pickup, although she also testified other people had occupied the passenger seat recently. This evidence is sufficient for a reasonable juror to find possession beyond a reasonable doubt.

██ ██ Because we must assume the truth of the State's evidence, it is enough for review of the sufficiency of the evidence that Officer Coe testified he found the two syringes. But Mr. Potts's challenge also appears to raise the issue of his right to demand preservation of this evidence. Due process under the Fourteenth Amendment requires the State to preserve material exculpatory evidence. *State v. Wittenbarger,* 124 Wn.2d 467, 474-75, 880 P.2d 517 (1994). To be material and exculpatory, the evidence's exculpatory value must have been apparent before it was destroyed and must be of such a nature that comparable evidence could not be reasonably obtained. *Id.* at 475. If the evidence is only potentially useful, the failure to preserve it does not deny due process unless the defendant can show the State acted in bad faith. *Id.* at 477. The used syringes here could have as easily been inculpatory as exculpatory. As such, they were only potentially useful to the defense. The State presented evidence from Officer Coe and the crime lab technician that syringes usually were not tested because of the biohazards involved. Compliance with an established policy supports good faith. *Id.* at 477-78. Under these circumstances, disposal of the syringes did not violate Mr. Potts's Fourteenth Amendment rights.

To summarize, we find that a necessary fact of the charge as described in the information as well as in the jury instructions is possession of the specific controlled substance methamphetamine. Whether Mr. Potts knew the nature of the substance he possessed is not at issue. *Compare Cleppe,* 96 Wn.2d at 380 (the State need not prove that the defendant knew the nature of the substance in a charge of simple possession). Our concern is with the sufficiency of the evidence to support the necessary facts of the specific charge. Because the evidence does not support possession of methamphetamine, we reverse.

Reversed.

KURTZ and BROWN, JJ., concur.