(28 P.3d 408)

No. 84,635

STATE OF KANSAS, *Appellee*, v. ALROY VERN MARTENS, *Appellant*.

Opinion filed June 29, 2001.

*Peter Maharry*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Russ Roe*, assistant county attorney, *Ellen Mitchell*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., KNUDSON, J., and PHILIP C. VIEUX, District Judge, assigned.

GREEN, J.: Alroy Vern Martens appeals his convictions of three counts of sale of marijuana and single counts of possession of marijuana with the intent to sell, possession of marijuana, cultivation of marijuana, possession of marijuana without a tax stamp, possession of drug paraphernalia, possession of methamphetamine, and manufacture or attempt to manufacture methamphetamine. On appeal, Martens argues (1) that the complaint was fatally defective as to the charge of manufacturing or attempting to manufacture methamphetamine; (2) that the evidence was insufficient to support his conviction of manufacturing methamphetamine; and (3)

that the trial court erroneously allowed the late endorsement of State witnesses. We affirm.

In June and July of 1998, Martens sold marijuana to a confidential informant during a series of controlled buys. After conducting the controlled buys, officers obtained a search warrant for Martens' residence. During the search, officers found various items relating to the cultivation of marijuana and the remnants of a methamphetamine lab.

Martens was charged with three counts of sale of marijuana and single counts of possession of marijuana with the intent to sell, possession of marijuana, cultivation of marijuana, possession of marijuana without a tax stamp, possession of drug paraphernalia, possession of methamphetamine, and manufacturing or attempting to manufacture methamphetamine. The case proceeded to a bench trial, and Martens was convicted of all 10 counts.

After the trial, Martens moved for an arrest of judgment alleging that the amended complaint was jurisdictionally defective in that it did not sufficiently charge the crime of attempted manufacture of methamphetamine. Martens argued that the amended complaint failed to state the required elements of an attempt. The trial court denied the motion to arrest judgment after finding that K.S.A. 1997 Supp. 65-4159 prohibits both manufacturing and attempting to manufacture a controlled substance and, therefore, found the amended complaint sufficient to support the charge and conviction.

The trial court sentenced Martens to a controlling term of 49 months' incarceration for manufacturing or attempting to manufacture methamphetamine. In addition, Martens was sentenced to a term of 15 months for each conviction of sale of marijuana, to run consecutive to each other but concurrent to the base sentence. All of the other counts were concurrent to the base sentence.

*Defective Complaint*

Martens' first argument on appeal is that the trial court erroneously denied his motion to arrest judgment as to the charge of manufacturing or attempting to manufacture a controlled substance. Martens insists that the amended complaint, relative to the

charge of manufacturing or attempting to manufacture a controlled substance, was fatally defective because it failed to include the essential elements of attempt. Martens insists that the State was required to allege the elements of attempt because K.S.A. 1997 Supp. 65-4159 creates the offense of manufacture of a controlled substance and, as a result, attempted manufacture of a controlled substance is a separate offense created under the attempt statute. According to Martens, because attempted manufacture of a controlled substance is a separate offense, the essential elements of that offense were required to be set out in the amended complaint.

The State admits that the amended complaint fails to allege the elements of attempt. However, the State contends that it was not required to list the elements of attempt because K.S.A. 1997 Supp. 65-4159 creates the single offense of manufacturing or attempting to manufacture a controlled substance. Specifically, the State argues that because the statute criminalizes the process of manufacturing a controlled substance, without requiring a finished product, the statute encompasses the attempt to manufacture by definition. Thus, according to the State, reference to "attempting to manufacture" in K.S.A. 1997 Supp. 65-4159 is superfluous.

Because Martens timely moved to arrest judgment, the rationale of pre-*Hall* cases is applicable. See *State v. Hall*, 246 Kan. 728, 764, 793 P.2d 737 (1990). In *State v. Browning*, 245 Kan. 26, 28, 774 P.2d 935 (1989), a pre-*Hall* case, the court held that "[a]n information which omits one or more of the essential elements of a crime is fatally defective and reversal of a conviction on that offense is required. [Citation omitted.]" Citation to the statute cannot substitute to supply a missing element of the charge. Incorporation by reference cannot be implied or inferred. It must be explicit. *State v. Jackson*, 239 Kan. 463, 466, 721 P.2d 232 (1986).

In *State v. Sanford*, 250 Kan. 592, 600, 830 P.2d 14 (1992), the court held that the trial court lacked jurisdiction over the charge of aggravated kidnapping because the amended information did not contain the elements of the crime. See *State v. Crane*, 260 Kan. 208, 918 P.2d 1256 (1996) (reversing defendant's convictions of attempted aggravated sodomy and attempted rape because complaint merely alleged the elements of attempt and the name of the

offenses he was charged with attempting); *Hall*, 246 Kan. at 747 (reversing defendant's conviction of theft because the complaint failed to allege that the defendant intended to *permanently* deprive the owner of his cattle); *State v. Smith*, 245 Kan. 381, 781 P.2d 666 (1989) (reversing defendant's conviction of aggravated kidnapping because the complaint made no allegation that bodily harm had been inflicted).

The amended complaint charged Martens with violating K.S.A. 1997 Supp. 65-4159, manufacturing or attempting to manufacture a controlled substance. Specifically, count 5 of the amended complaint alleged that between March 1, 1998, and July 9, 1998, Martens "did then and there unlawfully, wilfully, and feloniously manufacture or attempt to manufacture a controlled substance, to wit: methamphetamine."

To determine whether the amended complaint was jurisdictionally defective, we must first determine whether K.S.A. 1997 Supp. 65-4159 creates a single offense of manufacturing or attempting to manufacture a controlled substance, or whether the statute merely creates the offense of manufacturing a controlled substance and attempted manufacturing of a controlled substance is created under the attempt statute, K.S.A. 21-3301. Interpretation of a statute is a question of law, and this court's review is unlimited. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.] The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.] Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. [Citation omitted.]" *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

K.S.A. 1997 Supp. 65-4159 is titled, in part, as "Unlawful manufacturing or attempting such of any controlled substance." The title of the statute, however, is not dispositive to the issue of

whether the statute creates a single offense because "[t]he title or caption prefacing the text of a statute is prepared by the revisor of statutes (K.S.A. 77-133[b]) and 'forms no part of the statute itself.' [Citation omitted.]" *State v. Larson*, 12 Kan. App. 2d 198, 201, 737 P.2d 880 (1987).

Section (a) of K.S.A. 1997 Supp. 65-4159 states as follows: "Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to *manufacture* any controlled substance or controlled substance analog." (Emphasis added.) We interpret this subsection as providing the elements of the offense. The only means of violating the statute is manufacturing a controlled substance or a controlled substance analog. Because the statute does not specify attempted manufacture of a controlled substance as a means of violating the statute, attempted manufacture of a controlled substance is a separate offense created under K.S.A. 21-3301(a). This interpretation is supported by PIK Crim. 3d 67.21-A (1999 Supp.), which lists manufacture of a controlled substance, not attempted manufacture, as the means of violating K.S.A. 1997 Supp. 65-4159.

K.S.A. 1997 Supp. 65-4159 also contains a penalty section, which provides that "[a]ny person violating the provisions of this section with respect to the unlawful manufacturing or attempting to unlawfully manufacture any controlled substance or controlled substance analog" is guilty of a drug severity level 2 felony for the first offense and a drug severity level 1 felony for second and subsequent offenses. K.S.A. 1997 Supp. 65-4159(b)(1) and (2). Subsection (c) of the statute states that "[t]he provisions of subsection (d) of K.S.A. 21-3301, and amendments thereto, shall not apply to a violation of attempting to unlawfully manufacture any controlled substance pursuant to this section." K.S.A. 1997 Supp. 65-4159(c).

K.S.A. 21-3301(d) states that "[a]n attempt to commit a felony which prescribes a sentence on the drug grid shall reduce the prison term prescribed in the drug grid block for an underlying or completed crime by six months." Because K.S.A. 21-3301(d) is not applicable to violations of attempting to manufacture a controlled substance, the same sentence is imposed for both manufacturing a controlled substance and attempting to manufacture a controlled

substance. Moreover, since K.S.A. 1997 Supp. 65-4159(c) only excepts application of subsection (d) of K.S.A. 21-3301, the remaining subsections of the attempt statute are applicable and operate to create the offense of attempting to manufacture a controlled substance.

K.S.A. 21-3301(a) provides: "An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." Because count 5 of the amended complaint failed to incorporate the elements of attempt, that portion of the amended complaint was fatally defective. As a result, the trial court lacked subject matter jurisdiction over the charge of attempting to manufacture a controlled substance.

Nevertheless, because the State charged Martens with both manufacturing or attempting to manufacture a controlled substance, we must determine if the State alleged the essential elements of manufacturing a controlled substance. As stated earlier, the amended complaint stated that between March 1, 1998, and July 9, 1998, Martens "did then and there unlawfully, wilfully, and feloniously manufacture or attempt to manufacture a controlled substance, to wit: methamphetamine."

The amended complaint states that the act of manufacturing a controlled substance was done in an "unlawful" manner, which although failing to recite all details, still fully informed Martens of the crime with which he was charged. Because manufacturing of methamphetamine under K.S.A. 65-4159 is unlawful and because the facts alleged in the amended complaint constitute an offense within the terms and meaning of that statute, the amended complaint is not jurisdictionally defective. See *State v. McMannis,* 12 Kan. App. 2d 464, 467-68, 747 P.2d 1343 (1987), *rev. denied* 242 Kan. 905 (1988). The *McMannis* court rejected the defendant's argument that the State failed to allege the required elements of possession of drug paraphernalia, holding that "an information charging a defendant with possession of drug paraphernalia need not allege the purpose for which the defendant possessed the items." 12 Kan. App. 2d 464, Syl. ¶ 4.

Next, Martens argues that the evidence was insufficient to support his conviction of manufacturing methamphetamine. We disagree. The evidence showed that Martens manufactured methamphetamine, because he admitted to officers that he tried to manufacture methamphetamine through an ephedrine reduction method. Martens told the officer that he went through the manufacturing process only once because it was virtually impossible to obtain the necessary chemicals. Because Martens admitted that he manipulated chemicals in an effort to produce methamphetamine, and because his admission was supported by physical evidence, we find that the evidence was sufficient to support his conviction for manufacturing methamphetamine.

*Endorsement of Witnesses*

Martens additionally contends that the trial court erred in allowing the late endorsement of two State witnesses. The right of the State to endorse additional witnesses lies in the sound discretion of the trial court, and its ruling will not be disturbed on appeal in the absence of a showing of abuse of discretion. The test is whether the defendant's rights have been prejudiced. *State v. White & Steward*, 225 Kan. 87, 91, 587 P.2d 1259 (1978).

After the trial began, the State endorsed two additional witnesses, Bradley Crowe and Kamala Hinnergardt, who were K.B.I. chemists. The trial court allowed the late endorsement because the complaint listed a K.B.I. chemist as a witness and because defense counsel had reports from Crowe and Hinnergardt regarding the items they tested. The trial court concluded that the witnesses were predictable and allowing their testimony did not prejudice Martens.

Under the circumstances, we conclude that the trial court did not abuse its discretion in permitting the late endorsement of two State witnesses. Use of the witnesses did not result in surprise or material prejudice to Martens preventing a fair preparation of his defense. See *State v. Wilson & Wentworth*, 221 Kan. 359, 364-65, 559 P.2d 374 (1977). Moreover, there is no showing that he was surprised by the testimony or that he was required to change his trial strategy. As a result, we find that Martens has not sustained his burden of establishing prejudice.

Affirmed.