ALFRED T. STALEY V. STATE OF NEBRASKA.

FILED SEPTEMBER 26, 1910.   No. 16,614.

1. **Bigamy:** PROOF OF PRIOR MARRIAGE. When the state in a prosecution for bigamy proves that the defendant, prior to his alleged bigamous marriage, married a woman in the state of Iowa, and upon her cross-examination it appears that she and the defendant are first cousins, but no evidence is offered to prove that they are cousins of the whole blood, it devolves upon the state

to prove either that said cousins are of the half blood, or that for other reasons the Iowa marriage is lawful.

2. ——: INSTRUCTIONS: PRIOR MARRIAGE: PRESUMPTIONS. In such a case it is error to instruct the jury that there is a presumption that the Iowa marriage is lawful.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*James L. Caldwell,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

ROOT, J.

Alfred T. Staley was convicted in the district court of bigamy, and appeals. He will be referred to as the defendant.

1. Numerous errors are assigned, but only one feature of the case need be considered. The state proved that in 1907 the defendant was married in Iowa to Hattie Bixler, an unmarried woman, subsequently cohabitated with her in Omaha, and that said marriage had not been dissolved. The defendant in 1909 married Miss Stoner in Lancaster county, Nebraska, and was living with her in that county as his wife at the time he was arrested. The first wife testifies that she and the defendant are first cousins. The court instructed the jury that, although the laws of Nebraska forbid the marriage of first cousins of the whole blood, it is presumed that a marriage performed in another state was entered into in accordance with its laws. No evidence was introduced to prove the laws of Iowa upon the subject of marriage. Section 3, ch. 52, Comp. St. 1909, provides, among other things, that a marriage shall be void "when the parties stand in the relation to each other of * * * first cousins, when of whole blood * * * ; and this subdivision extends to illegitimate as well as legitimate children and relatives." Section 1, ch. 25, provides that marriages prohibited by section 3,

ch. 52, *supra,* "are void without any decree of divorce." Section 17, ch. 52, provides that "all marriages contracted without the state, which would be valid by the laws of the country in which the same were contracted, shall be valid in all courts and places in this state." The construction given this statute in *State v. Hand, ante,* p. 189, renders unnecessary a discussion of counsel's argument upon certain phases of the instant case. Generally, upon proof of a marriage, the presumption exists in favor of a lawful union; but, where two successive marriages occur, the presumption in favor of the legality of each is equal, and an actual marriage must be established by proof. *Lowery v. People,* 172 Ill. 466. According to a rule established many years ago in this state, and consistently adhered to thereafter, a presumption exists, in the absence of evidence to the contrary, that the law of a sister state is identical with the law of Nebraska upon a given subject, and this rule obtains in criminal prosecutions as well as in civil actions. *Lord v. State,* 17 Neb. 526; *Bailey v. State,* 36 Neb. 808. Upon the record, in order to establish that the defendant and Miss Bixler were lawfully married, it is necessary to presume either that they are cousins of the half blood, or that the laws of Iowa contemplated and permitted first cousins of the whole blood to marry. In our opinion the state should have assumed the burden of clearing up those doubtful questions by proving one condition or the other, that is, that Miss Bixler and the defendant are cousins of the half blood, or, notwithstanding the parties could not lawfully marry in Nebraska, they could thus marry in Iowa. *Weinberg v. State,* 25 Wis. 370. We do not hold the state in all prosecutions for bigamy should prove the law of a sister state or of a foreign country if the first marriage were celebrated in that state or country, but upon the facts established by the evidence in this case the state should have made the further proof referred to.

2. Some argument was offered to demonstrate a fatal variance between the allegation and the proof with respect to the date the defendant and Miss Bixler were married.

The complaint upon which the defendant was arrested and bound over to the district court correctly recites that the marriage was celebrated in 1907, but the information charges the date as 1909. Upon a second trial the county attorney may, by an amendment, cure that defect, and we shall not determine its effect in the present state of the record. Reference is not made to other points argued by the defendant's counsel, because we are of opinion they do not control this case.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.