[No. 17418-2-III. Division Three. June 10, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. ROSALINA RIVERA, *Appellant*.

*Antonio Salazar,* for appellant.

*Steven M. Lowe, Prosecuting Attorney,* and *David W. Cork-rum, Deputy,* for respondent.

SWEENEY, J. — A marriage valid in the jurisdiction in which it was contracted and consummated is valid in Washington. *In re Welfare of Warren,* 40 Wn.2d 342, 344, 243 P.2d 632 (1952). Rosalina Rivera was charged with bigamy based in part on an earlier marriage in Mexico. Ms. Rivera's codefendant, Francisco Salinas, presented evidence that a valid marriage in Mexico requires both a religious ceremony and a civil ceremony. The State presented only evidence that Ms. Rivera was married in a religious ceremony. The question is whether that evidence is suf-

ficient to support the jury's verdict of bigamy. We conclude that it is not and reverse.

## FACTS

Rosalina Rivera[1] was born in Mexico into a family of nine. No one in her family went to school. And no one got divorced. In 1983, she married Francisco Rivera in a religious ceremony in Colima, Mexico. They came to the United States in 1990 and settled in Pasco. They have two children.

In February 1997, Ms. Rivera married Francisco Salinas in Washington. She continued to live with Mr. Rivera. In May or June 1997, Ms. Rivera left Mr. Rivera for a battered women's shelter. From there, she moved in with Mr. Salinas. During the summer of 1997, she filed for a Washington divorce from Mr. Rivera, and obtained no-contact orders. Mr. Rivera vandalized Mr. Salinas's car.

Mr. Rivera went to the police and accused Ms. Rivera of bigamy. The State charged both Ms. Rivera and Mr. Salinas with bigamy.

At the joint trial, the State's theory was that the second marriage was a sham to acquire legal immigration status for Ms. Rivera. The court granted a defense pretrial motion in limine to exclude evidence relating to immigration fraud on ER 404(b)[2] grounds. The court later admitted the evidence because it concluded that the defense had opened the door by raising the issue of motive.

The State offered an untranslated Spanish language document created in May 1997, purporting to attest to the ex-

---

[1] The information was filed and the case prosecuted in the name of Rosalina Rivera. The notice of appeal was filed under the name of Rosalina Larios aka Rosalina Salinas. For continuity of record, we refer to the appellant as Rosalina Rivera.

[2] "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ER 404(b).

istence of a marriage record in Mexico. The court excluded it for lack of authentication.

There was conflicting testimony from Ms. and Mr. Rivera about the quality of their marriage. Ms. Rivera offered photographs of battering injuries in support of a duress defense. The court excluded the photographs. Ms. Rivera made several attempts to obtain a divorce or a nunc pro tunc divorce from Mexico after her marriage to Mr. Salinas. In October 1997, Ms. Rivera obtained a Washington divorce from Mr. Rivera, and a Washington annulment from Mr. Salinas. She then married Mr. Salinas, again.

Her codefendant, Mr. Salinas, introduced lay witness testimony that under Mexican law a civil ceremony was required for a valid marriage.

Ms. Rivera was convicted of bigamy and sentenced to 30 days.

She raises a number of issues, but the sufficiency question is dispositive.

## ANALYSIS

*Standard of review*: The standard of review on a challenge to the sufficiency of the evidence is whether, after viewing the evidence most favorably to the State, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980); *State v. Denison*, 78 Wn. App. 566, 570, 897 P.2d 437, *review denied*, 128 Wn.2d 1006 (1995).

*Sufficiency challenge*: A sufficiency challenge admits the truth of the State's evidence. *State v. Walton*, 64 Wn. App. 410, 415, 824 P.2d 533, *review denied*, 119 Wn.2d 1011 (1992). The evidence is interpreted most strongly against the defendant. And all reasonable inferences are drawn in favor of the State. *State v. Tadeo-Mares*, 86 Wn. App. 813, 816, 939 P.2d 220 (1997). Because a challenge to the sufficiency of the evidence is of constitutional magnitude, an appellant can raise the question for the first time on ap-

peal. *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983).

*Burden of proof*: A necessary element of the crime of bigamy is the continued existence of a prior valid marriage. RCW 9A.64.010(1).

█ We begin by noting that the State may not benefit from any presumption against the accused in a criminal case. It has the burden of proving beyond a reasonable doubt every fact necessary to constitute the crime charged. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. Hundley*, 126 Wn.2d 418, 421, 895 P.2d 403 (1995); *State v. Potts*, 93 Wn. App. 82, 86, 969 P.2d 494 (1998).

█ Specifically, in a bigamy prosecution, the State may not invoke the presumption that a marriage performed in a foreign jurisdiction was entered into in accordance with its laws. *Staley v. State*, 87 Neb. 539, 127 N.W. 878 (1910); *Lazarowicz v. Lazarowicz*, 91 Misc. 116, 118, 154 N.Y.S. 107 (1915); *Moody v. T.H. Hays & Sons, Inc.*, 189 Tenn. 666, 673-74, 227 S.W.2d 20 (1950). The State must prove by competent evidence beyond a reasonable doubt that the first marriage was valid, not merely that the parties believed that it was valid. *Wright v. State*, 198 Md. 163, 171, 81 A.2d 602 (1951).

*Sufficient evidence of foreign marriage*: The context in which the validity of a marriage is questioned determines the presumptions and burden of proof. We must distinguish between the question of the status of a marriage from the rights and privileges that are the incidents of a marriage. *In re Estate of Shippy*, 37 Wn. App. 164, 168, 678 P.2d 848 (1984). On the incidents of marriage, Washington follows the general rule that absent sufficient proof of the foreign law, it is presumed to be the same as that of the forum. *Id.* at 167, 169.

A criminal prosecution for bigamy presents a pure status question. *Id.* at 168. Pure status is an exception to the general rule. The State must prove the alleged marriage was

valid under the laws of the foreign state. *Id.* at 168-69; *Woolery v. Metropolitan Life Ins. Co.*, 406 F. Supp. 641, 644 (E.D. Va. 1976).

 To be valid in Washington, a foreign marriage must be valid in the jurisdiction where it was contracted and consummated. *Warren*, 40 Wn.2d at 344. This is also the general rule. 2 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 232 (15th ed. 1993); *State v. Lynch*, 301 N.C. 479, 486, 272 S.E.2d 349, 13 A.L.R.4TH 1317 (1980) (State is third party to marriage contract).

 Foreign law is a fact issue that must be pleaded and proved like any other fact by the party relying on the foreign law. *State v. Collins*, 69 Wash. 268, 273, 124 P. 903 (1912). The requirement that foreign law be proven as a fact places the responsibility of presenting appropriate evidence of foreign law on the proponent of the foreign law. *Byrne v. Cooper*, 11 Wn. App. 549, 555, 523 P.2d 1216, *review denied*, 84 Wn.2d 1013 (1974); *Franklin v. Smalldridge*, 616 S.W.2d 655, 657 (Tex. Civ. App. 1981, no writ).

Here, the State failed to produce any evidence that the first marriage was valid under Mexican law. The only document the State offered was excluded because the State failed to authenticate it. The State's only other evidence was testimony from the putative parties to the marriage. Both Ms. and Mr. Rivera testified that a religious ceremony took place. But the State produced no evidence of the law governing a Mexican marriage from which a reasonable jury could have found a valid marriage.

There was, moreover, contrary evidence to the effect that Mexican law requires a civil proceeding to create a valid marriage. Without proof of a valid marriage, the evidence is insufficient to support a bigamy conviction. RCW 9A.64.010(1).

The conviction is reversed and the case dismissed.

SCHULTHEIS, C.J., and KATO, J., concur.